108 F.3d 329
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
CALGARTH INVESTMENTS, LTD., Plaintiff-Appellant,
v.
BANK SADERAT IRAN, and Bank Saderat Iran, New York Agency,
Defendants-Appellees.
 No. 96-7672.
 United States Court of Appeals, Second Circuit.
 March 6, 1997.
 
 APPEARING FOR APPELLANT: C. Warren Trainor (Ehmann, Van Denbergh & Trainor, P.C., Philadelphia, Pennsylvania)
 APPEARING FOR APPELLEES: Paul T. Saqqal (New York, New York)
 Present: VAN GRAAFEILAND, MESKILL and CABRANES, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.
 
 
 3
 The plaintiff here appeals from an April 25, 1996, order of the District Court for the Southern District of New York dismissing its complaint on the basis of forum non conveniens. The plaintiff challenges, inter alia, the district court's decision that an adequate alternative forum exists for the resolution of its suit in either the Czech Republic or Switzerland. For the first time on appeal, however, the defendants have consented to the entry of a conditional dismissal. We find that the defendants' concessions and stipulations in oral argument before us eliminate any need for this Court to consider the plaintiff's claim that no adequate alternative forum exists to hear this action. Accordingly, we affirm the district court's decision to dismiss the plaintiff's cause of action with the following modifications. First, if the plaintiff files this action in the tribunals of either the Czech Republic or Switzerland, the defendants shall submit to the jurisdiction of these tribunals and waive any limitations period defenses that they would otherwise enjoy there. Second, the order to dismiss this action is contingent on the relevant tribunals in either the Czech Republic or Switzerland agreeing to take jurisdiction over this case without any limitations period impediments. If the tribunal chosen by the plaintiff fails to take jurisdiction over the suit without concern for a limitations period, or if the defendants assert jurisdictional or limitations claims before the tribunal chosen by the plaintiff, the plaintiff is free to reinitiate its suit in the Southern District of New York.
 
 
 4
 Finally, we find no error in the district court's thoughtful and comprehensive analysis of the public and private interest factors set forth in Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947). We decline to consider the plaintiff's argument that the Treaty of Friendship, Commerce and Navigation, January 21, 1950, United States-Ireland, 1 U.S.T. 785, requires a more weighty presumption in favor of Calgarth's choice of a U.S. forum than the district court applied in its analysis. Calgarth failed to bring the treaty to the district court's attention. "It is the general rule ... that a federal appellate court does not consider an issue not passed upon below," Singleton v. Wulff, 428 U.S. 117, 120 (1976), and we find no ground for making an exception here.